In the Matter of an Arbitration of and Concerning Matters in Difference between AL STEINBERG, of the One Part, Appellant, and D. L. HOROWITZ, INC., of the Other Part, Respondent.

First Department, March 7, 1941.

*Emanuel Schoenzeit,* for the appellant.

*Edward I. Aronow* of counsel [*Milton Sargoy* with him on the brief], for the respondent.

PER CURIAM. An agreement was executed to arbitrate a controversy which was stated as follows: " Did justification exist for the discharge of Al Steinberg and, if not, shall he be reinstated? "

The agreement was entitled " In the Matter of the Arbitration Between D. L. Horowitz, Inc., and International Brotherhood of Teamsters, Local No. 27." It was signed by " D. L. Horowitz, Inc., Charles J. Fishman, Treas.," and by one Joseph Parisi, who entitled himself, " Rep. Local 27 I. B. of T." Steinberg claimed to be a member of the union referred to and that his status as a union member afforded him some rights to continued employment.

After a hearing at which Steinberg appeared as a witness, the arbitrator made his award. The award stated: " Justification existed for the discharge of Al Steinberg." This award, following the form of the submission of controversy, was entitled " In the Matter of the Arbitration Between D. L. Horowitz, Inc., and International Brotherhood of Teamsters, Local No. 27." A motion was made to confirm the award. The motion papers, however, were entitled " In the Matter of an Arbitration of and concerning matters in difference between Al Steinberg, of the one part, and D. L. Horowitz, Inc., of the other part." Affidavits submitted on behalf of D. L. Horowitz, Inc., in support of the motion to confirm stated that Parisi had acted as Steinberg's agent in signing the submission of controversy. On the other hand, Steinberg submitted affidavits to the effect that the subject of the controversy which was submitted to arbitration was his alleged rights as a member of the International Brotherhood of Teamsters, a labor union; that he had contract rights with D. L. Horowitz, Inc., but that such rights were not intended to be and were not submitted to arbitration. He denies the allegation that Parisi acted as his agent in signing the controversy, stating that Parisi acted solely as the agent of the union and that he was attempting to arbitrate a labor dispute. The motion to confirm was granted, and the order entered thereon, which was entitled the same as the papers on the motion to confirm, directed the entry of judgment against Steinberg in conformity with the award.

In view of the form of the written submission of controversy, and the dispute that exists as to whether the subject-matter of the arbitration was a labor dispute or Steinberg's contract rights, we deem that it was improper to enter judgment against Steinberg.

The order should be reversed, and an order entered in place thereof entitled in the same manner as the submission of controversy. The order should recite all the proceedings had and direct that the award be confirmed and that D. L. Horowitz, Inc., have judgment against Local 27 of the International Brotherhood of Teamsters accordingly. With the order in this form the question as to how far the rights of Steinberg were adjudicated by the arbitration proceeding will be left open for trial in the action which Steinberg has since brought for breach of contract.

The order and judgment appealed from should be reversed, with costs to the appellant, and the matter remitted to Special Term with directions to enter an order in accordance with this opinion.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Judgment and order unanimously reversed, with costs, and the matter remitted to Special Term with directions to enter an order in accordance with the opinion of this court.